IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-2827-BNB-MJW

AVALANCHE EQUIPMENT, LLC,

Plaintiff,

v.

WILLIAMS-SOUTHERN COMPANY, LLC,

Defendant.
_____

**ORDER**
_____

This matter arises on **Plaintiff Avalanche Equipment LLC's Motion to Allow Live Testimony Via Contemporaneous Transmission** [Doc. # 39, filed 10/3/2014] (the "Motion"), which is DENIED.

This action was commenced on September 5, 2013, by the filing of a Complaint [Doc. # 3] in the District Court of Jefferson County, Colorado, and was removed to this court based on diversity of citizenship on October 16, 2013. Notice of Removal [Doc. # 1]. The Complaint asserts four causes of action--breach of contract, unjust enrichment, breach of implied contract, and open account--based on the lease of equipment for use by the defendant "in the drilling or operating of . . . oil or gas wells situated in Williams County, North Dakota." Complaint [Doc. # 3] at ¶6.

A scheduling conference occurred on December 16, 2013. The Scheduling Order [Doc. # 12] set a discovery period of five-and-one-half months and allowed each side to take no more than ten depositions. Scheduling Order [Doc. # 12] at p. 6.

The plaintiff filed a Motion for Summary Judgment [Doc. # 18] on May 30, 2014. It is supported by, among other things, the Affidavits of Kris Netschert [Doc. # 18-11] and Caleb Sorenson [Doc. # 19].

The case is set for a four day trial to the court on December 15-18, 2014. In anticipation of that trial, the plaintiff filed the Motion [Doc. # 39]. Specifically, the plaintiff requests leave for Kris Netschert and Caleb Sorenson to testify at the trial from remote locations "by live, two-way videoconference."

Rule 43(a), Fed. R. Civ. P., provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." The Tenth Circuit Court of Appeals has explained the scope of "good cause in compelling circumstances," as used in Rule 43(a), as follows:

> Like other evidentiary rulings, a district court's decision whether to allow remote testimony pursuant to Rule 43(a) is reviewed for abuse of discretion.
> 
> \* \* \*
> 
> As the Advisory Committee Notes to Rule 43(a) explain, the rule is intended to permit remote testimony when a witness's inability to attend trial is the result of "unexpected reasons, such as accident or illness," and not when it is merely "inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43(a) advisory committee's note. Courts frequently allow remote testimony in special circumstances, such as where a vital witness would be endangered or made uncomfortable by appearing in a courtroom.

Eller v. Trans Union, LLC, 739 F.3d 467, 477-78 (10th Cir. 2013).

The plaintiff claims that remote testimony is warranted because "there will be significant cost savings if the witnesses are allowed to testify remotely, that the witnesses are not available to testify in person without significant hardship, that the total time contemplated for testimony

by each witness is minimal (under 30 minutes), and that appropriate equipment to permit the presentation is available." Motion [Doc. # 39] at ¶2. In addition, the plaintiff notes that Mr. Netschert will be "at a well site near Rock Springs, Wyoming," at the time of the trial, id. at p. 3; and Mr. Sorenson "is the owner and operator of a trucking business based in North Dakota." Id. at p. 4.

There is nothing unexpected concerning the testimony of Messrs. Netschert and Sorenson. The plaintiff has known of the nature and importance of their testimony throughout the case, and it relied on their affidavits to support its motion for summary judgment. There is no indication that these witnesses recently moved or that their presence in distant locations is a surprise. The plaintiff does not contend that its inability to compel the attendance of these witnesses at trial is a new or surprising circumstance. In view of everything that the plaintiff has known about the testimony of these witnesses, there is no explanation for why they were not deposed or, it they were deposed, why their deposition testimony will not suffice. In short, the plaintiff has failed to make an adequate showing of "good cause in compelling circumstances" to justify the relief sought. Accord Predator Int'l, Inc. v. Gamo Outdoor USA, Inc., 2014 WL 358866 at *4 (D. Colo. Jan. 31, 2014)(holding that inconvenience to the witnesses is not sufficient to justify remote testimony, "especially . . . where [the movant] was aware of their location in advance of trial and was not surprised by 'unexpected reasons' for their unavailability").

IT IS ORDERED that the Motion [Doc. # 39] is DENIED.

DATED October 28, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge