IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02827-NYW-MJW

AVALANCHE EQUIPMENT, LLC,

    Plaintiff,

v.

WILLIAMS-SOUTHERN CO., LLC,

    Defendant.

_____

**ORDER**
_____

    This matter comes before the court on the Affidavit of Tom Wilson in Support of Interest Calculation ("Interest Application") [#58] filed by Plaintiff Avalanche Equipment, LLC ("Plaintiff" or "Avalanche") and Plaintiff Avalanche Equipment, LLC's Fee And Expense Application Following Entry Of Judgment And Award Of Attorneys' Fees ("Motion for Fees") [#60], both filed on January 14, 2015. Defendant Williams-Southern Co., LLC ("Defendant" or "Williams-Southern") has not filed any response to either motion. In addition, there are two other motions before the court: Plaintiff Avalanche Equipment LLC's Motion To Correct Final Judgment Consistent With Court's Findings, Conclusions, And Order For Judgment ("Motion to Correct") [#63], and the Unopposed Motion to Withdraw From Representation Of Williams-Southern Company, LLC and Notice of Intent to Withdraw [#66] filed on May 15, 2015.

    Originally, Plaintiff initiated this action in state court alleging four counts: (1) breach of contract; (2) unjust enrichment; (3) breach of implied contract; and (4) open accounting. [#3]. Each of the counts sought identical damages, *i.e.*, $180,163.59, together with 18% interest per

annum, attorney's fees and costs. [*Id.*] By the time the case was tried, Avalanche opted to pursue only the breach of contract claim. [#55]. After a two-day trial, this court found in favor of Avalanche and against Williams-Southern on the claim of breach contract. [*Id.*] As part of the Findings, Conclusions, and Order for Judgment, Judge Boland ordered:

> (1) For rent on equipment in the amount of $161,646.80;
>
> (2) For interest on the past due balance for rental charges at the rate of 1.5% per month through the date of these Findings, Conclusions, and Order for Judgment, to be established by an affidavit to be submitted on or before January 14, 2015;
>
> (3) For reasonable attorneys' fees to be awarded on the submission of a fee application, to be submitted on or before January 14, 2015;
>
> (4) For its costs, to be awarded pursuant to Fed. R. Civ. P. 54(d)(l) and D.C.COLO.LCivR 54.1; and
>
> (5) For post-judgment interest as provided by law.

[#55 at 9].

## I.     Motion to Correct the Final Judgment

The court will first turn to Plaintiff's Motion to Correct. The Final Judgment entered by the Clerk of the Court specifically adopts the court's Findings, Conclusions and Order for Judgment, but inadvertently left out the words "per month" after 1.5%. [#56 at 1]. Therefore, the court GRANTS the Motion to Correct [#63].

## II.     Application for Interest and Motion for Attorney's Fees and Costs

As directed by the court's Findings, Conclusions, and Order for Judgment, Avalanche filed an Affidavit calculating prejudgment interest at the rate of 1.5% per month and a Motion for Attorney's Fees on January 14, 2015. Williams-Southern did not take issue, or otherwise respond, to either filing. The court has reviewed the papers and supporting documentation

offered by Avalanche, the Complaint [#3], the Scheduling Order [#12], and the Final Pretrial Order [#27]. The court now turns to the appropriate calculation.

In calculating a reasonable attorney's fee, I apply the lodestar principles stated in *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonable hourly rate." *Id.* (internal quotations and citation omitted).

### A.     Reasonable Time Expended

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the prevailing party seeking fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Reg'l Dist. Council v. Mile High Rodbusters, Inc*., No. 13-CV-00214-REB-KLM, -- F. Supp. 3d --, 2015 WL 1087048, at *8 (D. Colo. Mar. 9, 2015) (citing) *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir.1983) (overruled on other grounds by *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987))).

In conjunction with the Motion for Fees, counsel for Avalanche have properly submitted affidavits and detailed billing statements. In her supporting affidavit, lead counsel for Avalanche claims it has incurred attorneys' fees and expenses from Arnold & Arnold, LLP in the total amount of $ 47,389.72 through January 14, 2015. [#60-1 at ¶ 2]. In addition, counsel also states

that it has incurred attorneys' fees and expenses from North Dakota counsel, the Mackoff Kellogg Law Firm, in the amount of $1,140.68[1]. [#60-8 at ¶¶ 3, 7].

*Statement of Oil & Gas Lien.* The Motion provides that the Statement of Oil & Gas Lien was performed by Mackoff Kellogg Law Firm. Avalanche obtained an oil and gas lien when Williams-Southern did not make any payments with respect to its rental accounts with Avalanche. [#12 at 2]. The liens, however, are not directly related to the breach of contract claim brought to trial; rather the liens were an attempt to secure payment prior to the court case. Indeed, they predate the litigation by a number of months. [#60-8].

In addition, none of the billing records indicates a quantum of time expended by any individual attorney, or any billing rate. Nor do certain billing records provide sufficient description of the work undertaken to determine whether they are reasonably related to the litigation. For instance, Mr. Peterson's entries have no explanation to indicate that "review & respond to emails" is even related to this action, much less reasonably related. Therefore, the court disallows all of the attorney's fees and costs associated with the Mackoff Kellogg Law Firm.

*Initiation of Action in Colorado State Court.* Avalanche next claims $2,828.25[2] associated with it initiation of the action in Colorado state court. [#60-1 at 2]. The court has reviewed the detailed billing provided by Ms. Arnold and note as follows:

---

[1] Lead counsel for Avalanche at the Arnold & Arnold firm indicates that Avalanche has incurred $2,133.68 in attorneys' fees and expenses for counsel in North Dakota. [#60-1 at ¶ 3]. However, lead counsel at the North Dakota firm, Charles Peterson, attests that only $ 1140.68 were incurred, and the underlying billing statements only amount to $ 1140.68.

[2] Avalanche has also included $342.09 in costs, associated with service of process, copies, docketing fees, e-filing expenses, and postage and delivery. Other than the docketing fee of $224.00, the other items are typically expenses that are considered overhead, and are included in the attorney's hourly rate. Therefore, the court awards only the docketing fee of $224.00. *See Ramos v. Lamm,* 539 F. Supp. 730, 753 (D. Colo. 1982).

- Avalanche claims time for Candace Mitchell, who is identified as a paralegal [#60 at 3] but does not explain Ms. Mitchell's level of experience and redacts out the substance of discussions. [#60-3 at 1]. In addition, part of the description left is "make arrangements for phone conference on Wednesday," that reflects a purely administrative task. [*Id.*] Because no information is provided about Ms. Mitchell, Avalanche has failed to carry its burden of establishing that the .2 hours expended by Ms. Mitchell are reasonable. *See White v. Calvary Portfolio Servs., LLC*, Case No. 11-cv-2217, 2012 WL 899280, *4 (D. Colo. 2012).

- In addition, a number of the tasks are performed by an unidentified "Tara Lynn Neal," again with no description of her experience level. The Arnold & Arnold Law Firm did not charge its client for some of Ms. Neal's services, but again, without more, Avalanche has failed to carry its burden of establishing the 2 hours that were charged for Ms. Neal's services. *Id.* Therefore, the court excludes them.

- Moreover, some of the tasks performed by Ms. Shirk are also related to administrative tasks, such as researching the location of the party (.4 on 8/28/13); discussing service options with an unidentified "Tara Lynn" (.4 on 9/5/13);[3] and "conference with Tara Lynn re: who to instruct the sheriff to service and what options to provide' (.25 on 9/6/13). Therefore, the court excludes 1.15 hours from Ms. Shirk's time associated with initiating the state court complaint.

- Finally, Mr. Havn charged .25 hours to discuss an unidentified matter with an unidentified paralegal on 9/5/2013. The description fails to provide the court adequate basis to conclude that such time was reasonably spent on the litigation of this matter and is not duplicative of other time being charged by either Ms. Arnold or Ms. Shirk. Therefore, the court excludes .25 hours for Mr. Havn's time.

*Removal to Federal Court.* This category of attorneys' fees is associated with the litigation in federal court through trial, and Avalanche seeks $39,514.00, with an additional $714.87 in costs. [#60 at 4]. A number of the costs have been already included, and paid by the bill of costs. [*Id.*] In addition, the court declines to award Arnold and Arnold, particularly as a local firm in Littleton, Colorado, mileage and parking as there is no contention in Ms. Arnold's Affidavit that this is a normal charge for local attorneys of private clients in this area. *See Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983); *Vialpando v. Johanss*, 619 F. Supp. 2d 1107, 1130

---

[3] It is unclear how much time Ms. Shirk devoted to the service issues, and therefore, the court subtracts the smaller unit.

(2008). The other costs of online PACER research and postage and courier services are simply part of the overhead costs. *Id.* Therefore, the court declines to award any costs associated with this time period.

In reviewing the time entries of Ms. Arnold, Ms. Shirk, Mr. Keltner, and Ms. Van Sittert leading up to trial, the entries generally look reasonable. However, the court notes the following issues:

- Counsel has elected to redact out certain information from the entries, making it difficult for the court to understand whether such entries are reasonable. For instance, there are entire entries that are redacted so that the court has no opportunity to determine whether they are, in fact, reasonable. *See, e.g.*, [# 60-4 at 5 (K. Shirk entry dated 4/17/14), 6 (J. Arnold entry dated 4/23/14)]. The redactions are pervasive; almost every page of the billing statements include some redactions.

- In other entries, it appears that attorneys, rather than support staff, are performing administrative duties such as preparing exhibits with labels and bates numbers, at unreduced rates. *See e.g.*, [#60-5 at 5 (Mr. Keltner entry 9/10/14)].

*Post-Trial Attorney's Fees.* Avalanche also includes a request for post-trial attorney's fees in the amount of $3,990.00. A review of the entries indicate that they are associated with analyzing Judge Boland's decision and the preparation and filing of this instant motion, which were necessitated by Avalanche's success at trial. However, these entries include some of the same issues with redaction and attorney billing for non-legal work, including the "redact [] 31 pages of invoices." [#60-6 at 2]. In addition, the post-trial fees appear disproportionately high for the substance of the motion; *i.e.*, they amount to 10% of the total litigation fees and are more than 50% higher than the fees attributed to preparing and filing the complaint, despite the fact that the substance of the motion and supporting affidavits is straightforward. *See Infant Swimming, Inc. v. Shidler*, 505 F. Supp. 3d 790, 799-800 (D. Colo. 2007) (identifying considerations for determining whether to award post-trial fees).

### B. Reasonable Hourly Rate

The court next turns to considering the applicable rates. Avalanche bears the burden of establishing that the requested rates are in line with comparable rates in the legal community. *See Guides Ltd. v. Yarmouth Group Property Mgm't Co.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Etherton v. Owners Ins. Co.*, -- F. Supp. 3d --, 2015 WL 920689 (D. Colo. Mar. 2, 2015). To satisfy its burden, Avalanche must produce "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The fact that an attorney charges such rates is relevant to the reasonableness of the rates, but is not dispositive. *See Lucero v. City of Trinidad,* 815 F.2d 1384, 1385 (10th Cir.1987).

Ms. Arnold's Affidavit does not preesent any evidence, or explain why the rates of the attorneys who worked on the instant matter are consistent with the prevailing rates for similar attorneys in Denver. [#60-1]. Nevertheless, based on the court's own experience and in comparison with information provided by the Colorado Bar Association's 2012 Economic Survey Snapshot, an hourly rate of $290 for an attorney who has practiced over 31 years and a $200 hourly rate for attorneys who have practiced between two and five years are on the high median side, but nonetheless, are reasonable.

### C. Lodestar Calculation

In light of its concerns, the court awards attorneys' fees and costs as follows:

**$2,532.00** for the period denoted as *Initiation of Action in State Court*

**$31,611.60** for the period denoted as *Following Removal to Federal Court*, reflecting a 20% reduction based on the concerns set out above. While I have identified specific examples, I

do not engage in a line by line analysis. *See White*, 2012 WL 899280, at *4 (citing *Fox v. Vice*, 131 S.Ct 2205, 2217 (2011). In doing so, I conclude that the four claims originally asserted in this instant action shared a common core of facts and presented related legal theories so that no reduction is necessary based on Avalanche's abandonment of the claims for unjust enrichment, implied breach of contract, and open accounting prior to trial. *See Barnett, Inc. v. Shidler*, 200 Fed.Appx. 734, 747 (10th Cir. 2006).

**$3,192.00** for the period denoted as *Post-trial*, reflecting a 20% reduction based on the concerns set out above. Avalanche makes no argument, and the court finds no justification, to adjust the lodestar calculation upwards or downwards, given the circumstances of this case. *See Harvey Barnett, Inc. v. Shidler*, 200 Fed App'x 734, 746 (10th Cir. 2006). All said, the attorneys' fee award amounts to $37,335.60, or approximately 23% of the recovery of $161,646.80, which the court uses as a secondary measure to check the reasonableness of the fee award.

### D.     Interest Calculation

The court awarded Avalanche prejudgment interest at the rate of 1.5% per month, but in its judgment, did not specify whether such interest would be simple interest or compound interest. The Affidavit of Tom Wilson in Support of Interest Calculation and the exhibit attached thereto appear to reflect interest calculations on a compounding basis. For instance, simple interest for a debt of $6,135.63 at a monthly rate of 1.5%, for 19 months would amount to $1,748.45, whereas the $ 2006.05 is calculated on a compounding basis. [#58-1]. The long-standing rule is in actions between private parties, "in the absence of a contract therefor or some statute, compound interest is not allowed to be computed upon a debt." *Cherokee Nation v. United States*, 270 U.S. 476, 490, 46 S. Ct. 428, 433-34, 70 L. Ed. 694 (1926). A review of the

Credit Application attached the Complaint only indicates that "past due interest is 1.5% per month on all past due balances," without an express statement that such interest would be compounded. [#3 at 9]. The statement that shows past due amounts also does not address interest. [*Id.* at 10-12]. Nor does Mr. Wilson in his Affidavit explain the basis for compounded, rather than simple, interest. [#58].

Therefore, I APPROVE IN PART the Application for Interest [#58], LIMITING the award of interest to 1.5% per month of simple interest and GRANT IN PART, AND DENY IN PART the Motion for Attorney's Fees [#60], and AWARD Plaintiff $37,335.60.[4]

### III.   Motion to Withdraw

Counsel for Defendant seeks to withdraw from representation, stating that Williams-Southern has terminated Steven Janiszewski of the law firm of Riggs, Abney, Neal, Turpen, Orbison & Lewis, P.C. [#66]. That Motion to Withdraw, with an attendant notice about Williams-Southern's inability to proceed *pro se* was served on both opposing counsel and Williams-Southern. Given the fact that the court has now disposed of all the pending motions, an Amended Final Judgment will be entered, and the case is closed, there should be little, if anything, remaining for the Parties. While the Motion to Withdraw provides no supporting documentation for the court to consider as to whether Williams-Southern has, in fact, terminated the law firm and/or Mr. Janiszewski and the court has not held a hearing in which a representative of Williams-Southern has appeared, the court accepts the representation of counsel as an officer of the court and GRANTS the Motion to Withdraw, with specific notice to Defendant that a corporate entity may not proceed *pro se*.

---

[4] Plaintiff's Motion for Fees also included $ 484.65 of taxable costs that were included in the Bill of Costs. [#60 at 1]. The costs referenced in the motion do not correspond with those listed on the Bill of Costs; however, the Clerk of the Court taxed the full amount requested as of January 16, 2015 and accordingly, these costs are not included in the court's Order.

Accordingly, IT IS ORDERED:

(1) Plaintiff Avalanche Equipment LLC's Motion To Correct Final Judgment Consistent With Court's Findings, Conclusions, And Order For Judgment ("Motion to Correct") [#63] is GRANTED;

(2) The Clerk of the Court is DIRECTED to enter an Amended Final Judgment that states, in pertinent part, "ORDERED that Plaintiff AVALANCHE EQUIPMENT, LLC recover from the Defendant WILLIAMS-SOUTHERN COMPANY, LLC the amount of one hundred sixty-one thousand, six hundred forty-six dollars and eighty cents ($161,646.80), which includes prejudgment interest at the rate of 1.5% per month, plus post-judgment interest at the rate of .27%";

(3) Affidavit of Tom Wilson in Support of Interest Calculation [#58] is APPROVED IN PART, and Avalanche is DIRECTED to submit an updated Affidavit in Support of Interest Calculation based on simple, rather than compounded, interest no later than **June 17, 2015**;

(4) Plaintiff Avalanche Equipment, LLC's Fee And Expense Application Following Entry Of Judgment And Award Of Attorneys' Fees ("Motion for Fees") [#60] is GRANTED IN PART and DENIED IN PART,

(5) Plaintiff Avalanche Equipment LLC is AWARDED $ 37,335.60 in attorney's fees and costs;

(6) Plaintiff Avalanche Equipment LLC's request for $484.65 in court costs is DENIED AS MOOT; and

(7) Unopposed Motion to Withdraw From Representation Of Williams-Southern Company, LLC and Notice of Intent to Withdraw [#66] is GRANTED.

DATED:  June 11, 2015                              BY THE COURT:


                                              s/ Nina Y. Wang
                                              United States Magistrate Judge